IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL LAFOGG, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 2:11-CV-1103-WKW |
| | ) | [WO] |
| v. | ) ) | |
| SHERIFF DENNIS MEEKS *et al.*, | ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Christopher Michael LaFogg filed this 42 U.S.C. § 1983 action alleging unconstitutional conditions of confinement at the Covington County Jail in Andalusia, Alabama.  Before the court is Plaintiff's motion for a temporary restraining order ("TRO").  As grounds for a TRO, Plaintiff asserts that Captain Preston Hughes has threatened to give him a "disciplinary" and has placed him in "Charlie block (which is isolation punishment)" in retaliation for Plaintiff's having filed this lawsuit.  (Doc. # 28, at 1.)

A temporary restraining order may be issued without notice only if

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant[ ] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  A temporary restraining order also requires the same four elements as a preliminary injunction, and the movant bears the burden of demonstrating that they are present.  *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).[1]  Because a TRO is an "extraordinary and drastic remedy," the court should grant such relief only where the movant clearly establishes all prerequisites.  *United States v. Georgia*, 892 F. Supp. 2d 1367, 1372 (N.D. Ga. 2012) (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)).

Plaintiff fails to satisfy at least two of the prerequisites for the extraordinary remedy he requests.  First, Plaintiff's motion does not contain sworn testimony.  Second, Plaintiff has not certified in writing any reason why Defendants should not have notice of the TRO motion.

Accordingly, it is ORDERED that Plaintiff's motion for temporary restraining order (Doc. # 28) is DENIED.

---

[1] These four elements are "(1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest."  *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1217 (11th Cir. 2009).

It is further ORDERED that Defendants file a response to the allegations of the motion (Doc. # 28) on or before **June 25, 2013**, and that the motion is REFERRED to the Magistrate Judge for further proceedings she deems appropriate.

DONE this 14th day of June, 2013.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE